Williams, J.
In order to permit the allowance to be made, the action must have been both difficult and extraordinary. That it was so, the special term must have determined, and we cannot say this was error. There were peculiarities about this case not usual in this class of actions. An attempt was made to maintain the action without a judgment having been recovered for the debt. And by reason of the peculiar situation of the creditor as to his debtor, he was unable to secure a judgment, and the special term was of the opinion he could maintain the action without a judgment. The general term were of the opinion he could not. We think the action was extraordinary, as well as difficult, within the provisions of the Code of Civil Procedure.
The case was, therefore, a proper one for an extra allowance. It was necessary in this case the amount of the allowance should be determined by the value of the subject matter involved in the action. The subject matter involved was evidently so much in value of the real property covered by the deeds as was necessary to satisfy the plaintiffs claim, and such costs as should be recovered. The plaintiff sought to recover so much of the real property as should be sufficient for this purpose. The plaintiffs claim was more than 80,000, and it is claimed by the respondent the papers used before the special term showed the real property was worth about the same amount. The complaint alleged the respondent’s interest in the real property in question was of the value of $6,000; and when plaintiff succeeded in the action at special term, an application was made for an extra allowance of costs to plaintiff, and upon that application it was shown by affidavit in behalf of plaintiff that the real property was of the value of at least $6,000, and an extra allowance was accordingly granted plaintiff of $300. It seems to us in view of these things, it sufficiently appears the value of the subject matter involved in the action was at least $6,000, for the purposes of the extra allowance granted to respondent, or at least that appellant is not in a position to controvert the fact that such was its value. The amount of extra allowance granted the respondent being precisely the same as that granted the appellant upon the recovery of its judgment, we cannot say it was larger than it should have been. Nor do we think we should interfere with the exercise of the discretion of the justice at special term, when the same discretion had already been exercised in favor of and at the request of the appellant by the same justice.
The order should be affirmed, with ten dollars costs of appeal and printing disbursements.
Learned, P. J,, concurs; Landon, J., not sitting.